NOT DESIGNATED FOR PUBLICATION

No. 117,597

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA PAUL JONES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed June 22, 2018. Affirmed.

*Michael S. Holland II*, of Holland & Holland, of Russell, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM:  The State charged Joshua Paul Jones with driving under the influence (DUI), driving left of center, and speeding. The district court denied his motion to suppress the evidence of his breath-alcohol test. Jones proceeded with a bench trial on stipulated facts while preserving the admission of evidence for appeal. Jones appeals the district court's decision to admit the evidence from his breath-alcohol test. We affirm.

On September 21, 2014, Kansas Highway Patrol Trooper Steven Sites was conducting speed checks along Highway 50 when Jones drove past at a speed of 105 miles per hour in a 65 mile-per-hour zone. Sites saw the truck weave and cross the white lane line at least twice. Sites stopped Jones. Sites told Jones the purpose of the stop and

1

requested his driver's license and registration. Sites smelled a strong odor of an alcoholic beverage coming from Jones.

Jones admitted he had drunk two beers. Trooper Sites asked Jones to step out of his truck and perform field sobriety tests. Sites noted that Jones was not steady on his feet. Jones first attempted to perform the walk and turn test. However, he lost his balance while Sites provided instructions and started the test before the instructions were finished. Sites noted that Jones could not complete the test successfully because he would not look at his feet, his hands were away from his body, and he stepped off the line. Sites next had Jones perform the one-leg stand test. Again, Jones did not follow the instructions and looked straight ahead instead of at his feet. When he lifted his right foot, he lost balance after counting to "one-thousand three" and put his foot back on the ground. When he attempted to continue the test, he again lost his balance.

Trooper Sites placed Jones in his patrol car and informed him he did not have the right to consult an attorney about whether to submit a breath-alcohol test, refusal could and would lead to a ticket, and failure would result in further testing. Sites asked Jones to submit to a preliminary breath-alcohol test, to which Jones agreed. The results showed a breath-alcohol level of 0.217 grams of alcohol per 210 liters of breath.

Trooper Sites arrested Jones and transported him to the Ford County Jail. Sites provided him with oral and written notice of the Implied Consent Advisory, Form DC-70. After allowing the proper 20-minute deprivation period, Sites asked Jones to submit a breath sample on the Intoxilyzer 8000 machine. Jones agreed and the results showed a breath-alcohol level of 0.207.

The State charged Jones with DUI, driving left of the center lane of travel, and speeding. On January 6, 2015, Jones filed a motion to suppress the results of the breath-alcohol test claiming Trooper Sites had failed to obtain a knowing, intelligent, and

voluntary consent, free of duress or coercion. Jones contended the Kansas implied consent law, K.S.A. 2014 Supp. 8-1001 et seq., was unconstitutional as applied and on its face. He asserted that because Sites did not attempt to obtain a warrant prior to conducting the breath-alcohol test, he had violated Jones' Fourth Amendment rights under the United States Constitution and the court should suppress the results of the test.

The State filed a memorandum in opposition asserting that the courts had permitted coercion in the implied consent law because safety on roadways is a compelling government interest. The State asserted that the good-faith exception to the exclusionary rule applied because Sites relied, in good faith, on the statutory scheme that courts had held to be constitutional.

However, due to cases pending in the Kansas Supreme Court, the parties agreed to a stay to avoid "needlessly wasting the Court's time and resources until the Kansas Supreme Court directly addresses the issue." Jones waived his speedy trial rights until after the Supreme Court had issued its opinion in *State v. Nece*, 303 Kan. 888, 367 P.3d 1260 (2016) (*Nece I*).

On July 8, 2016, the State filed a revised response to Jones' motion to suppress, addressing the Kansas Supreme Court decisions in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016) (*Ryce I*), and *Nece I*, which deemed the previously permitted coercion in the Kansas implied consent law to be unconstitutional. However, the State also presented that in *State v. Kraemer*, 52 Kan. App. 2d 686, 371 P.3d 954 (2016), *rev. denied* 306 Kan. 1325 (2017), decided after *Ryce I* and *Nece I*, the court had applied the good-faith exception. The *Kraemer* court, 52 Kan, App. 2d at 695-99, determined that the exclusionary rule did not apply to evidence obtained by police who acted in an objectively reasonable manner in reliance on the implied consent statutory scheme before the Supreme Court decided *Ryce I* and *Nece I*. The State asserted that the breath-alcohol test was permitted as a search incident to arrest under the United States Supreme Court

3

decision in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

On December 19, 2016, the parties submitted stipulations and a motion for a ruling. The parties requested the district court determine the merits of the motion to suppress first. The parties stated that if the court denied the motion, the matter would be set for a bench trial based on stipulations of facts provided in the motion. However, if the court granted the motion, the State could take an interlocutory appeal.

Considering the decisions in *Birchfield*, *Ryce I*, *Nece I*, and *Kraemer*, the district court found that Trooper Sites had provided the implied consent advisory as required by a facially valid statute and applied the ruling from *Kraemer* by applying the good-faith exception to the breath-alcohol test results. The court admitted the results and found Jones guilty of DUI, driving left of center, and speeding, based on the stipulated facts as recited above. On April 7, 2017, the court sentenced Jones to 12 months of probation with an underlying term of 120 days in jail with 5 days in jail as a condition of probation for the DUI. He received fines for the two additional violations. However, Jones' bond was continued and the court stayed the imposition of his sentence until a decision by the Court of Appeals. Jones timely appealed.

The Court of Appeals decided several cases with similar fact patterns on March 2, 2018, and March 9, 2018. In these cases, the court applied both the search incident to lawful arrest and good-faith exceptions to the exclusionary rule to permit admission of breath-alcohol test results. *State v. Perkins*, 55 Kan. App. 2d 372, 415 P.3d 460 (2018), was the only published decision.

We must first determine if the district court erred when it denied Jones' motion to suppress.

*Standard of Review*

The standard of review of a district court's decision on a motion to suppress is bifurcated. Appellate courts apply a substantial competent evidence standard to the factual underpinnings and the ultimate legal conclusions are reviewed de novo. *State v. Mattox*, 305 Kan. 1015, 1035, 390 P.3d 514 (2017). When the material facts in a district court's determination on a motion to suppress are not in dispute, the question of whether to suppress is a question of law, which the appellate court reviews de novo. *State v. Martinez*, 296 Kan. 482, 485, 293 P.3d 718 (2013). The parties stipulated to the facts, so we will review the motion to suppress de novo.

*Discussion*

Jones contends that the district court erred by denying his motion to suppress because the results of the breath-alcohol test were obtained in violation of his Fourth Amendment rights against unreasonable searches and seizures. He states that he was unlawfully coerced into submitting the breath sample and so the court should have excluded the evidence. He concludes that *Ryce I* and *Nece I* should be the controlling caselaw.

Jones asserts that the good-faith exception to the exclusionary rule should not apply because of the facially coercive nature of the implied consent statutory scheme and because the Kansas Supreme Court did not reach the issue when given the opportunity in *Nece I* and *Ryce I*. Jones asks us to expand the exclusionary rule to the Legislature's overreaching attempt at limiting individuals' constitutional rights. He quotes Justice O'Connor's dissent in *Illinois v. Krull*, 480 U.S. 340, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987), stating that such an expansion would have the deterrent effect for which the rule was created.

5

*Fourth Amendment*

The Fourth Amendment to the United States Constitution and Section 15 of the Kansas Constitution Bill of Rights prohibit unreasonable searches and seizures. *State v. Daniel*, 291 Kan. 490, 498, 242 P.3d 1186 (2010). A breath-alcohol test is a search for Fourth Amendment purposes. *State v. Edgar*, 296 Kan. 513, 526, 294 P.3d 251 (2013). When law enforcement illegally obtains evidence in an unconstitutional search or seizure, the exclusionary rule, a judicially created rule, may act as a safeguard by suppressing evidence. *State v. Powell*, 299 Kan. 690, 694, 325 P.3d 1162 (2014). The purpose of the rule is deterrence from future violations. *Powell*, 299 Kan. at 694-95. Courts should only apply the exclusionary rule to further its intended purpose. *Krull*, 480 U.S. at 347. In determining whether application will achieve the rule's deterrent effect, the court weighs the likelihood of the deterrence against the costs of withholding reliable evidence. 480 U.S. at 347.

Though warrantless searches are per se unreasonable, the exclusionary rule may not apply if the State shows that the search fits into recognized exceptions to the warrant requirement. *State v. Sanchez-Loredo*, 294 Kan. 50, 55, 272 P.3d 34 (2012). The recognized exceptions are consent, search incident to lawful arrest, stop and frisk, probable cause plus exigent circumstances, the emergency doctrine, inventory searches, plain view or feel, and administrative searches. 294 Kan. at 55.

The Kansas Supreme Court's recent decisions in *Ryce I* and *Nece I* revolve around the consent assumed in the Kansas implied consent law, K.S.A. 2014 Supp. 8-1001 et seq. In *Ryce I*, the court held that K.S.A. 2014 Supp. 8-1025, which imposed criminal penalties for failure to submit to any test deemed consented to, is facially unconstitutional because it criminalizes a defendant's right to withdraw consent to a warrantless search and it is not narrowly tailored to achieve the compelling state interest of combating drunk driving. 303 Kan. at 963. In *Nece I*, the court held that because criminal penalties for

6

refusing to submit to a breath-alcohol test were unconstitutional, a driver's consent, premised on the threat of criminal prosecution for refusal, was unduly coerced. 303 Kan. at 889. Thus, because consent was premised on the coercion built into the advisory, it was involuntary. 303 Kan. at 889.

Within months of *Ryce I* and *Nece I*, the United States Supreme Court issued its decision in *Birchfield,* in which the Court addressed the search incident to lawful arrest and consent requirements with regard to breath-alcohol and blood-draw tests administered after DUI arrests. The Court distinguished between breath and blood testing based on the intrusiveness of the tests, holding that breath tests are less intrusive and may be administered without a warrant as a search incident to arrest. 136 S. Ct. at 2184-85. In light of *Birchfield*, the Kansas Supreme Court granted the State's motions for rehearing in both *Ryce I* and *Nece I*. The court essentially reaffirmed its holding in each case. *State v. Ryce*, 306 Kan. 682, 699-700, 396 P.3d 711 (2017) (*Ryce II*); *State v. Nece*, 306 Kan. 679, 681, 396 P.3d 709 (2017) (*Nece II*). In *Ryce II*, the court modified *Ryce I* to reflect the validity of warrantless breath-alcohol tests in DUI cases under the search incident to lawful arrest exception. 306 Kan. at 693.

*Search Incident to Lawful Arrest Exception*

"The search-incident-to-arrest doctrine has an ancient pedigree. Well before the Nation's founding, it was recognized that officers carrying out a lawful arrest had the authority to make a warrantless search of the arrestee's person." *Birchfield*, 136 S. Ct. at 2174. While there is no indication that the Fourth Amendment altered the doctrine, the United States Supreme Court has limited searches to the person arrested and the area in his or her immediate control. 136 S. Ct. at 2175 (quoting *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 [1969]). The Court provided that the authority for such a search lies in the fact of a lawful arrest and that lawful custodial arrests are not only an exception to the warrant requirement, but also a "reasonable" search under the

7

Fourth Amendment. *United States v. Robinson*, 414 U.S. 218, 235, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973).

The *Birchfield* Court weighed the degree of intrusion into individuals' privacy and the degree of necessity for breath-alcohol tests to promote the legitimate governmental interest. 136 S. Ct. at 2176. In assessing individuals' privacy, the Court considered the physical intrusion, the information revealed, and the level of embarrassment resulting from the test. The physical intrusion is almost negligible, requiring only a minimum inconvenience and effort similar to blowing up a balloon. 136 S. Ct. at 1276-77. Breath tests only reveal the alcohol concentration in one's breath and there is no additional information available or sample that could be further tested. 136 S. Ct. at 2177. Finally, breath tests involve only minimum embarrassment as the act of blowing into a straw is not inherently embarrassing and they are administered in a way to minimize embarrassment. 136 S. Ct. at 2177.

The *Birchfield* Court noted that the State has a paramount interest in preserving safety on public highways and alcohol consumption is a leading cause in traffic fatalities and injuries, nearing 10,000 in 2014. 136 S. Ct. at 2178. The State interest goes beyond merely removing the threat of drunk drivers on the road to also preventing future threats. 136 S. Ct. at 2179. The Court concluded that the Fourth Amendment permits warrantless breath-alcohol tests incident to arrest for DUIs because the impact of breath-alcohol testing on privacy is slight and the need is great. 136 S. Ct. at 2184. As with all searches incident to arrest, a warrant is not required prior to a breath-alcohol test. 136 S. Ct. at 2185. Therefore, the search incident to lawful arrest exception applies and the district court properly admitted the evidence.

*Good-faith Exception*

The good-faith exception to the exclusionary rule applies when law enforcement officers reasonably rely on statutes authorizing warrantless searches that are later determined to be unconstitutional. *Kraemer*, 52 Kan. App. 2d at 698. To determine if an officer reasonably relied on a statute, "courts consider whether the legislature '"wholly abandoned its responsibility to enact constitutional laws"' and whether the statute was so clearly unconstitutional that a reasonable officer should have known that it was unconstitutional." 52 Kan. App. 2d at 698.

> '"Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law. If the statute is subsequently declared unconstitutional, excluding evidence obtained pursuant to it prior to such a judicial declaration will not deter future Fourth Amendment violations by an officer who has simply fulfilled his responsibility to enforce the statute as written.'" *Daniel*, 291 Kan. at 499 (quoting *Krull*, 480 U.S. at 349-50.)

The Court of Appeals has found that there was no indication of the unconstitutionality of the Kansas implied consent law such that a well-trained officer would have known that it was unconstitutional. *Kraemer,* 52 Kan. App. 2d at 699. Prior to *Ryce I* and *Nece I*, our courts had upheld the validity of the consent obtained in compliance with the implied consent advisory. *Perkins*, 55 Kan. App. 2d at 382 (citing *State v. Johnson*, 297 Kan. 210, 222-23, 301 P.3d 287 [2013]). The Kansas Supreme Court did not invalidate the implied consent advisory until more than a year had passed after Trooper Sites read Jones the implied consent advisory. The *Perkins* court determined there was no indication that the Legislature wholly abandoned its duty to enact constitutional laws by passing the implied consent statutes considering other states had similar statutes and continued to uphold them until the *Birchfield* decision. *Perkins*, 55 Kan. App. 2d at 382 (citing *State v. Schmidt*, 53 Kan. App. 2d 225, 235-37, 385 P.3d 936 [2016]). The *Perkins* court noted that several panels had already found the good-faith

9

exception applied in similar circumstances. 55 Kan. App. 2d at 381; see *Schmidt*, 53 Kan. App. 2d at 235-37, 385 P.3d 936; *Kraemer*, 52 Kan. App. 2d at 699; *State v. McClellan*, No. 115,164, 2017 WL 839720, at *11-14 (Kan. App. 2017) (unpublished opinion), *rev. denied*, 307 Kan. ___ (February 26, 2018); *State v. Steckline*, No. 112,242, 2017 WL 383343, at *7-8 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1330 (2017); *State v. Rincon*, No. 113,741, 2016 WL 3856670, at *4-5 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1329 (2017). The reasoning in these cases is persuasive. Therefore, the good-faith exception applies and the district court properly admitted the evidence.

Affirmed.