Hill, J.:
*463 *373 From time to time, the law changes while cases are awaiting appellate review. This is such a case. Dustin Dean Perkins appeals his conviction for driving under the influence of alcohol arising from a trial to the court on stipulated facts. The issue for us to consider is whether his breath test was constitutional and its results admissible under the search-incident-to-arrest exception to the search warrant requirement of the Fourth Amendment to the United States Constitution. Following binding United States Supreme Court precedent, we hold that the breath test was a permissible search incident to arrest and thus, its results were admissible. Additionally, we hold the results were also admissible under the good-faith exception to the exclusionary rule. Accordingly, we affirm Perkins' conviction.
We begin with a brief summary of the facts that led to Perkins' conviction and follow with a review of three important appellate opinions that control our decision. We conclude with our analysis and explanation on why we affirm his conviction.
A police officer witnessed a traffic infraction.
Around 1:30 one morning in July 2012, an investigator from the Hays Police Department saw Perkins disobey a red traffic signal at an intersection. When the investigator stopped Perkins' car, he noticed that Perkins had bloodshot eyes and he detected a moderate odor of alcohol coming from Perkins' person. Perkins told him that he drank three beers that evening. When the investigator asked Perkins to get out of the car to perform field sobriety tests, he spotted an open, partially crushed, beer can on the floorboard between the driver's seat and door.
The field tests were informative. In the investigator's view, Perkins exhibited at least four "clues of impairment" on the walk-and-turn test. Perkins could not maintain his balance during the instructional phase of the test; he stopped walking before completing the second set of nine steps; he missed making heel-to-toe contact on both sets of nine steps; and, he did not turn around properly. On the one-legged-stand test, Perkins exhibited two clues of *374 impairment-he swayed and hopped during all three 10-second standing periods.
All of these facts led the investigator to arrest Perkins for driving under the influence of alcohol. He then transported him to the law enforcement center for testing. He gave Perkins the oral and written notices required by the Kansas implied-consent law and, in due course, Perkins agreed to submit to a breath test. Perkins' breath test result indicated a breath-alcohol concentration of .158 grams of alcohol per 210 liters of breath, which is above the legal limit. The State charged him with a class A nonperson misdemeanor, driving under the influence of alcohol in violation of K.S.A. 2012 Supp. 8-1567(a)(2), or in the alternative (a)(3), and (b)(1)(B).
Before trial, Perkins moved to suppress the breath test results, contending that his consent for the test was coerced and involuntary. He argued that the breath test was an unreasonable search in violation of the Fourth Amendment to the United States Constitution. The district court denied his motion to suppress and found Perkins guilty on stipulated facts. Perkins appealed to this court.
While this appeal was pending, two Supreme Courts made important rulings.
Under Kansas law at the time of Perkins' arrest, a driver's consent to the testing of his or her blood, breath, urine, or other bodily substances for possible alcohol content was implied by statute. According to K.S.A. 2016 Supp. 8-1001, if a person is operating or attempting to operate a vehicle in Kansas, the law deems that person has consented to alcohol testing. Consent for testing is implied from that conduct. But, along with that law, K.S.A. 2016 Supp. 8-1025 made it a crime for a person to withdraw that implied consent by refusing the test. Our Kansas Supreme Court's treatment of the second statute-making it a crime to refuse the breath test-leads directly to the issue arising in this case.
*464 We now examine two cases from the Kansas Supreme Court and one from the United States Supreme Court.
While Perkins' appeal was pending, the Kansas Supreme Court struck down one of Kansas alcohol testing laws. The court held that K.S.A. 2014 Supp. 8-1025 was facially unconstitutional because *375 by punishing an individual for withdrawing his or her consent to search, it violated the fundamental right to be free from an unreasonable search. It further held that the statute was not narrowly tailored to serve the State's interests. State v. Ryce , 303 Kan. 899, Syl. ¶¶ 9, 368 P.3d 342 (2016) ( Ryce I ), aff'd on reh'g 306 Kan. 682, 396 P.3d 711 (2017) ( Ryce II ). The court did not stop there.
On the same day in another case, the court affirmed the suppression of a defendant's breath-alcohol test result in a case factually similar to this one. The court decided that the test resulted from involuntary consent because the defendant was told before consenting to the test that she might be charged with a separate crime for refusing to submit to a breath-alcohol test. In the court's view, since the State could not have constitutionally imposed criminal penalties if the defendant refused the test, the defendant's consent to submit to the test was obtained by means of an inaccurate and, therefore, coercive advisement. In other words, consent obtained through a falsehood is coercive and is no consent at all. State v. Nece , 303 Kan. 888, 889, 897, 367 P.3d 1260 (2016) ( Nece I ), aff'd on reh'g 306 Kan. 679, 396 P.3d 709 (2017) ( Nece II ). The Kansas Supreme Court was not the only appellate court to address this subject.
Shortly after these two Kansas rulings, the United States Supreme Court went deeper into the subject. It held that courts cannot deem drivers to have validly consented to a blood-alcohol content test based on the threat that they may be charged with a criminal offense if they refused to take the test. This is consistent with the Kansas Supreme Court's rulings in Ryce I and II. Importantly, the Court went further than the Kansas court and held that warrantless breath tests are permitted as a search incident to arrest-another exception to the requirement for a search warrant. Birchfield v. North Dakota , 579 U.S. ----, 136 S.Ct. 2160, 2185-86, 195 L.Ed.2d 560 (2016).
The language in Birchfield could not be clearer. Breath tests are constitutionally acceptable warrantless searches incident to arrest:
"Here, by contrast, we are concerned with the search-incident-to-arrest exception, and as we made clear in Robinson and repeated in McNeely itself, this authority is categorical. It does not depend on an evaluation of the threat to officer safety or the threat of evidence loss in a particular case.
*376 "Having assessed the effect of BAC tests on privacy interests and the need for such tests, we conclude that the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving. The impact of breath tests on privacy is slight, and the need for BAC testing is great." Birchfield , 136 S.Ct. at 2183-84.
See Missouri v. McNeely , 569 U.S. 141, 150 n.3, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013) ; United States v. Robinson , 414 U.S. 218, 224, 234-35, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
After the ruling in Birchfield , the Kansas Supreme Court then reheard and reaffirmed its rulings in both Ryce I and Nece I . The court did modify its Ryce I decision "to reflect the validity of conducting a breath test in a DUI case where an arrest is made under the warrant exception of a search incident to lawful arrest," but the court reaffirmed its original holding that K.S.A. 2016 Supp. 8-1025 was unconstitutional based on its interpretation of the Kansas statute. Ryce II , 306 Kan. at 693, 698-99, 396 P.3d 711. In Nece II , the court reaffirmed that Nece's consent to the warrantless breath test was involuntary. But the court did not further consider or analyze whether the search was lawful under the search-incident-to-arrest exception to the warrant requirement. 306 Kan. at 680-81, 396 P.3d 709.
In the wake of these rulings, which were made while this appeal was pending, we wanted to know what effect, if any, they had on this case. So, we ordered the parties to *465 submit supplemental briefs addressing the rulings in Nece I and II . Do any exceptions to the warrant requirement of the Fourth Amendment apply here? Both sides responded.
The State takes two positions, claiming victory if it prevails under either theory. It now argues that the results of the warrantless breath test in this case were constitutionally admissible since they were a result of a search incident to arrest. In the alternative, the exclusionary rule that excludes the admission of illegally obtained evidence should not apply here because the officer acted in good-faith reliance on the Kansas statute when advising Perkins that he might be charged with a separate crime for refusing the breath test. For his part, Perkins did not respond to the State's argument that the breath test was a lawful search incident to arrest. Instead, Perkins argues that the State cannot raise the good-faith exception *377 for the first time on appeal and that the good-faith exception does not apply under these circumstances anyway.
We review some fundamental points of law.
The Fourth Amendment to the United States Constitution is the bedrock law we rely upon. It prohibits unreasonable searches. Blood and breath tests conducted by the police constitute searches. See Birchfield , 136 S.Ct. at 2173 ; Ryce II , 306 Kan. at 684, 396 P.3d 711. In addition, § 15 of the Kansas Constitution Bill of Rights provides the same protections against unreasonable searches as the United States Constitution. State v. Henning , 289 Kan. 136, 145, 209 P.3d 711 (2009).
Any warrantless search is intrinsically unreasonable unless it falls within one of the exceptions to the search warrant requirement recognized in Kansas. State v. Neighbors , 299 Kan. 234, 239, 328 P.3d 1081 (2014). Three possible exceptions arise in this context:
• probable cause plus exigent circumstances;
• consent to be searched; and
• a search incident to arrest.
We look at the three in that order.
The exigent-circumstances exception to the warrant requirement permits a warrantless search when police have insufficient time to obtain a warrant due to an emergency-in other words, exigent circumstances. For example, the exception permits police to enter private property without a warrant to provide urgent aid to those inside, or when police are in hot pursuit of a fleeing suspect, and to prevent the imminent destruction of evidence. Exigent circumstances must be considered on a case-by-case basis. The natural dissipation of alcohol from the bloodstream may present an exigency, but does not always constitute an exigency. Birchfield , 136 S.Ct. at 2173-74. The State does not argue that this exception applies and we will not consider it. We turn now to consent.
Clearly, under the rulings in Birchfield and Nece I and II , the consent exception to the normally required search warrant is inapplicable here where Perkins was informed that he may be charged with a separate crime for refusing a blood- or breath-alcohol test.
*378 Under the law as set out in those three cases, we must conclude that Perkins' consent was coerced because he was told that it was a crime to refuse the test. Therefore, the State cannot rely upon Perkins' consent to the test in order to admit the test results into evidence against him. We look to the final exception-the search incident to arrest.
The State did not argue in the trial court that this exception applied. Ordinarily, issues not raised before the trial court cannot be raised on appeal. See State v. Kelly , 298 Kan. 965, 971, 318 P.3d 987 (2014). But there are several exceptions to this rule:
• The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case;
• consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and
• the judgment of the trial court may be upheld on appeal despite its reliance on *466 the wrong ground or having assigned a wrong reason for its decision. State v. Phillips , 299 Kan. 479, 493, 325 P.3d 1095 (2014).
The first exception on that list is pertinent. Since this is a question of law on stipulated facts and is finally determinative of the case, we may consider the applicability of the search-incident-to-arrest exception for the first time on appeal. See State v. Cleverly , 305 Kan. 598, 604, 385 P.3d 512 (2016). Because of this consideration, we asked the parties to submit supplemental briefs addressing whether any exceptions to the warrant requirement of the Fourth Amendment should be applied.
We note that in Nece II , our Kansas Supreme Court did not address whether Nece's breath test was permissible as a search incident to arrest. This may have been because in its order granting the State's motion for rehearing of Nece I , the court limited the issues on rehearing to (1) whether the implied consent advisory accurately described possible legal consequences for breath test refusal in light of Birchfield ; and (2) whether Nece's consent to the breath test was voluntary. For whatever reason, the court did not take up the issue of applying Birchfield 's search-incident-to- *379 arrest exception to Nece's breath test. Since the opinion is silent on the issue, Nece II does not prevent this court from considering the issue now.
Basically, the search-incident-to-arrest exception permits the police to conduct a warrantless search of the arrested person and the area within the control of the one arrested. This is a categorical rule that does not depend on a case-by-case analysis of the threat to officer safety, or of evidence loss, such as from the natural dissipation of alcohol. But to determine how the exception applies in situations not envisioned when the Fourth Amendment was adopted, such as searches of cell phones found on an arrested person and blood and breath tests to measure blood-alcohol concentration, the United States Supreme Court has examined the degree to which the search intrudes upon an person's privacy and the degree to which such searching is needed for the promotion of legitimate governmental interests. See Birchfield , 136 S.Ct. at 2175-76. In Birchfield , the Court concluded that warrantless breath tests, under the Constitution, were permitted incident to arrests for drunk driving. The impact of a breath test on a person's privacy is minimal, and the governmental need to control drunk driving is great. To the contrary, because warrantless blood tests for alcohol are significantly more intrusive than breath tests, the Court concluded that they were unreasonable. 136 S.Ct. at 2184-85. Basically, warrantless breath tests are permitted in all circumstances; warrantless blood tests, however, must be analyzed on a case-by-case basis.
Acknowledging this ruling, in Ryce II , the Kansas Supreme Court recognized that under Birchfield , the search-incident-to-arrest exception is "a categorical exception to the warrant requirement permitting an officer to demand a breath test from a person arrested for a DUI violation." 306 Kan. at 690-91, 396 P.3d 711. Thus, " 'a breath test, but not a blood test, may be administered as a search incident to lawful arrest for drunk driving.' " 306 Kan. at 693, 396 P.3d 711. The court recognized the "validity of conducting a breath test in a DUI case where an arrest is made under the warrant exception of a search incident to lawful arrest." 306 Kan. at 693, 396 P.3d 711.
Here, Perkins was arrested for driving under the influence before the officer administered the breath test. Upon arrest, he was *380 transported to the law enforcement center for testing. It does not matter that Perkins' consent for the breath test was coerced. For the results to be admissible, the State need only prove the applicability of one of the exceptions to the search warrant requirement. See City of Los Angeles, Calif. v. Patel , 576 U.S. ----, 135 S.Ct. 2443, 2451, 192 L.Ed.2d 435 (2015).
An example of the State pursuing more than one exception to the warrant requirement while attempting to admit evidence obtained from a warrantless search is found in State v. Overman , 301 Kan. 704, 710-12, 348 P.3d 516 (2015). In Overman , the court first pointed out that the State has the burden to show that a search and seizure was lawful.
*467 301 Kan. at 710, 348 P.3d 516. In that case, the State had argued in district court that two exceptions to the search warrant requirement applied: search incident to a lawful arrest and probable cause plus exigent circumstances. The district court had held that the evidence was admissible because it was obtained from a search incident to arrest. On appeal, due to a recent holding of the Kansas Supreme Court, the State conceded that the search incident to an arrest exception could not apply. Notwithstanding that, our Supreme Court proceeded to analyze the case under the probable cause plus exigent circumstances exception and upheld the district court's ruling admitting the evidence, saying it was correct albeit for the wrong reason. Succinctly, the court stated: "Clearly, then, to determine whether the trial court erroneously admitted illegally obtained evidence fairly includes the question of whether the State proved an exception that would validate an otherwise per se unreasonable search." 301 Kan. at 712, 348 P.3d 516. That is precisely the same question we must answer here.
If we apply those principles to this case, it becomes clear that this was a warrantless search and the State had the burden to show that it was lawful. It argued in the trial court that the consent exception to the search warrant requirement applied. On appeal, the law changed and the State could no longer pursue that exception but caselaw permits it to argue another exception-search incident to an arrest. Based on the holdings in Birchfield and Ryce II , the officer was permitted to conduct the breath test in this case as a *381 lawful search incident to arrest. Thus, the results are admissible as evidence of Perkins' guilt. But our review does not end there.
There is another reason why the tests results are admissible.
Even if no exception to the search warrant requirement applied, the breath test result was admissible because the officer, in good faith, acted in reliance on the implied-consent statute before the Kansas Supreme Court ruled it unconstitutional. We turn now to consider the applicability of the exclusionary rule to the facts of this case.
Whether it is appropriate to suppress evidence from an unlawful search is a question of law. State v. Daniel , 291 Kan. 490, 496, 242 P.3d 1186 (2010). Because this is a pure question of law on stipulated facts and is determinative of the case, we may consider the applicability of the good-faith exception for the first time on appeal. State v. Schmidt , 53 Kan. App. 2d 225, 233, 385 P.3d 936 (2016), rev. denied 306 Kan. 1329 (2017). In Nece I , the Kansas Supreme Court stated that it did not consider the potential applicability of the good-faith exception to Nece's case because the State did not brief the issue and conceded during oral argument that it was not seeking application of the exception. 303 Kan. at 897, 367 P.3d 1260. Here, in contrast, the State contends in its supplemental brief that the good-faith exception should be applied. We will consider the question.
We note that several panels of this court have already found the good-faith exception applicable under similar facts. See, e.g., Schmidt , 53 Kan. App. 2d at 235-37, 385 P.3d 936 ; State v. Kraemer , 52 Kan. App. 2d 686, 699, 371 P.3d 954 (2016), rev. denied 306 Kan. 1325 (2017); State v. McClellan , No. 115,164, 2017 WL 839720, at *11-14 (Kan. App. 2017) (unpublished opinion), petition for rev. filed March 31, 2017; State v. Steckline , No. 112,242, 2017 WL 383343, at *7-8 (Kan. App. 2017) (unpublished opinion), rev. denied 306 Kan. 1330 (2017); State v. Rincon , No. 113,741, 2016 WL 3856670, at *4-5 (Kan. App. 2016) (unpublished opinion), rev. denied 306 Kan. 1329 (2017). We find the reasoning of these cases persuasive.
Under the exclusionary rule, unconstitutionally obtained evidence is excluded from the criminal trial of the victim of an illegal police search. Put plainly, the purpose of the exclusionary rule *382 is to deter police misconduct; that is, to prevent the police from making illegal searches and seizures. But our Supreme Court has recognized a good-faith exception to the exclusionary rule when an officer acts in an objectively reasonable reliance on a statute that is later determined to be unconstitutional. See Daniel , 291 Kan. 490, Syl. ¶ 7, 242 P.3d 1186. In such cases, suppression of the seized evidence *468 does not serve the purpose of the rule. After all, the officer was obeying the law at the time of the search.
To address such questions, our gaze must shift from the officer's actions to the statute the officer was enforcing. The question becomes whether the statute, itself, can support an officer's objective reasonable reliance on it-not on the officer's subjective beliefs about the law. An officer's reliance on a statute is not objectively reasonable if:
• the statutory provisions are such that a reasonable law enforcement officer should have known the statute was unconstitutional; or
• in its enactment, the Legislature wholly abandoned its responsibility to pass constitutional laws.
Daniel , 291 Kan. 490, Syl. ¶ 8, 242 P.3d 1186.
Here, we see no reason why the officer should have known K.S.A. 2012 Supp. 8-1025 was unconstitutional or that the implied consent advisory based on that law was coercive. At the time of the arrest, the officer was required by law to advise Perkins that failure to submit to a breath test could constitute a separate crime. The investigator here followed the law. Prior to Ryce I and Nece I , our courts had upheld the validity of consent obtained after giving the implied consent advisory. See, e.g., State v. Johnson , 297 Kan. 210, 222-23, 301 P.3d 287 (2013). Our Supreme Court did not invalidate the implied consent advisory until after the officer read it to Perkins. Obviously, suppression of the breath test result would not serve the purpose of the exclusionary rule-to deter police misconduct-because we find no police misconduct here. Nor is there any indication that the Legislature wholly abandoned its duty to enact constitutional laws in passing the statutes. After all, other states had similar statutes and continued to uphold them until the Birchfield decision. See Schmidt , 53 Kan. App. 2d at 235-37, 385 P.3d 936.
*383 In summary, we hold the district court correctly denied Perkins' motion to suppress. The breath test here was constitutional as a search incident to arrest according to Birchfield . And the breath test result was admissible under the good-faith exception to the exclusionary rule.
Perkins' conviction is affirmed.
* * *