NOT DESIGNATED FOR PUBLICATION

No. 115,025

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF LAWRENCE,
*Appellee*,

v.

COLIN ROYAL COMEAU,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed June 29, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Elizabeth Hafoka*, supervising city prosecutor, for appellee.

Before GARDNER, P.J., BUSER and ATCHESON, JJ.


BUSER, J.: Following a traffic stop, Colin Royal Comeau was arrested for driving under the influence of alcohol (DUI). In accordance with the Kansas implied consent statutes, K.S.A. 8-1001 et seq., the arresting officer asked Comeau to submit to a breath test to determine the presence of alcohol and informed him that failure to submit to the test constituted a separate crime. Comeau submitted to the breath test, and the results showed that his alcohol content was above the legal limit. On appeal to the district court, Comeau's motion to suppress the inculpatory results of the breath test was denied, and he was found guilty of DUI. We affirm the district court.

1

On November 4, 2012, Sergeant Robert Linzer observed Comeau driving a vehicle the wrong way on a one-way street in Lawrence. Sergeant Linzer stopped the vehicle. During the traffic stop, the officer smelled alcohol on Comeau, noticed he had bloodshot eyes, slurred speech, and slow movements. Based on these indicators of possible alcohol consumption, Sergeant Linzer began a DUI investigation.

Sergeant Linzer conducted a number of field sobriety tests, including the walk-and-turn test and the one-leg stand test, and concluded that Comeau failed the tests. Comeau then agreed to take a preliminary breath test (PBT), which registered an alcohol level of 0.229. Based on the results of the officer's investigation, Comeau was arrested for DUI and transported to the Douglas County Jail for processing under the Kansas implied consent law.

At the jail, Sergeant Linzer provided Comeau with a written copy of the implied consent advisory, also referred to as a DC-70 form, and read it aloud to him. After he was informed of the implied consent advisory notices, Comeau agreed to submit to an evidentiary breath test on the Intoxilyzer 8000. The breath test result indicated an alcohol level of 0.151, greater than the legal limit of 0.08.

Comeau was charged in Lawrence Municipal Court with DUI and other traffic offenses unrelated to this appeal. On March 8, 2013, Comeau was found guilty of the charges, whereupon he appealed to the district court. Comeau then moved to suppress the evidence of the PBT and derivative evidence obtained as a result of the PBT. The district court denied Comeau's motion to suppress on September 12, 2013.

After he twice failed to appear for scheduled bench trials, on February 11, 2014, the district court granted the City's motion to dismiss Comeau's appeal for lack of

2

prosecution and remanded the case to the municipal court. On April 10, 2015, our court reversed the district court's dismissal, however, and remanded the case to the district court. *City of Lawrence v. Comeau*, No. 111,358, 2015 WL 1782745 (Kan. App. 2015) (unpublished opinion).

On remand, Comeau filed a second motion to suppress, this time asserting that his Fourth Amendment rights were violated when he was unlawfully coerced to perform a breath test on the Intoxilyzer 8000 after receiving improper implied consent advisories. The district court denied Comeau's second motion to dismiss based in part on our court's ruling in *State v. Nece*, No. 111,401, 2014 WL 5313744 (Kan. App. 2014) (unpublished opinion). In *Nece*, we mistakenly held "the fact that [an officer] informed Nece about the potential for criminal prosecution of a test refusal under the implied consent advisories did not render Nece's consent involuntary." 2014 WL 5313744, at *8. This holding was later reversed by our Supreme Court in *State v. Nece*, 303 Kan. 888, Syl., 367 P.3d 1260 (2016), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017).

On October 29, 2015, a bench trial was held with the parties submitting a stipulation of facts and Comeau preserving his right to appeal the district court's adverse suppression ruling. Based on the parties' stipulation, the district court found Comeau guilty of DUI. Comeau appeals.

DISCUSSION

On appeal, Comeau contends the breath test results obtained pursuant to the Kansas implied consent law were acquired in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Specifically, Comeau argues the test results were obtained without a warrant and no exception to the warrant requirement justified the search. Comeau focuses his argument on the notion that because he was

3

threatened with a criminal sanction for not consenting to a breath test, his consent to take the test was impermissibly coercive.

The City does not respond to Comeau's argument that his consent was coerced and was, therefore, invalid. Instead, for the first time on appeal, the State argues that Comeau's breath test was lawfully obtained under the search-incident-to-arrest exception to the warrant requirement. See *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185, 195 L. Ed. 2d 560 (2016). Alternatively, the City claims that if Comeau's Fourth Amendment rights were violated, the results from the breath test should not be suppressed because the good-faith exception to the exclusionary rule is applicable.

Appellate courts use a bifurcated standard to review the district court's decision on a motion to suppress. *State v. Hachmeister*, 306 Kan. 630, 637, 395 P.3d 833 (2017). First, we review the district court's factual findings to determine whether they are supported by substantial evidence. Second, the ultimate legal conclusion regarding the motion to suppress is reviewed do novo. As a result, when the material facts underlying the motion to suppress evidence are not in dispute, the question of whether the evidence should be suppressed is one of law over which we exercise unlimited review. 306 Kan. at 637. In this appeal, the parties have stipulated to the material facts relevant to the motion to suppress. Accordingly, we exercise plenary review of the district court's legal conclusion that Comeau's motion to suppress should be denied. See *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016).

Comeau's appeal presents a challenge. First and foremost, since his arrest and the district court's suppression ruling, there have been important changes in Kansas and United States Supreme Court caselaw regarding the consent exception and search-incident-to-arrest exception in DUI cases. These changes are thoroughly discussed in our court's opinion, *State v. Perkins*, 55 Kan. App. 2d 372, 415 P.3d 460 (2018). *Perkins* was

4

filed on March 2, 2018, after Comeau's appeal was briefed by the parties and it was scheduled for decision by our court. As provided in *Perkins*:

> "The search-incident-to-arrest exception to the search warrant requirement is a categorical exception to the warrant requirement and permits an officer to demand a breath test from a person arrested for a driving under the influence violation. Thus, a breath test—but not a blood test because it is more intrusive—may be administered as a search incident to lawful arrest for drunk driving." 55 Kan. App. 2d 372, Syl. ¶ 5.

Although the aspect of *Perkins* may be dispositive of the issue, given the significant changes in the law which have occurred during this litigation, we elect to decide this appeal on the alternative basis proffered by the State and opposed by Comeau—the good-faith exception to the exclusionary rule. In its alternative argument, the State asserts that, assuming the consent exception to the warrant requirement is not valid, the breath test results should not be suppressed because the good-faith exception to the exclusionary rule applies to the search of Comeau's breath. In *Perkins*, our court recognized that the good-faith exception to the exclusionary rule afforded an independent ground to admit breath test results a law enforcement officer obtained in reliance on the implied consent advisory later found to be unconstitutional. 55 Kan. App. 2d at 381-83.

While the Fourth Amendment to the United States Constitution does not expressly prohibit the use of evidence obtained in violation of it provisions, a judicially created remedy—the exclusionary rule—protects an individual's Fourth Amendment rights by preventing the use of unconstitutionally obtained evidence in criminal proceedings against victims of illegal searches. *State v. Daniel*, 291 Kan. 490, 496, 242 P.3d 1186 (2010). "This exclusionary rule operates to protect Fourth Amendment rights through deterrence, and it is not the defendant's personal constitutional right." 291 Kan. at 496. The application of the exclusionary rule is restricted "'to those situations in which its remedial purpose is effectively advanced.'" 291 Kan. at 496 (quoting *Illinois v. Krull*, 480 U.S. 340, 347, 107 S. Ct. 1160, 94 L. Ed. 2d 364 [1987]). Accordingly, there are

5

exceptions to the exclusionary rule, including the good-faith exception. *Daniel*, 291 Kan. at 500.

The good-faith exception to the exclusionary rule applies to "evidence obtained by police acting in objectively reasonable reliance upon a statute that was subsequently found to violate the Fourth Amendment." 291 Kan. at 498. An officer's reliance on a statute is objectively reasonable when the statute was valid at the time of the officer's action unless (1) "'the legislature wholly abandoned its responsibility to enact constitutional laws'"; or (2) if the statute's "'provisions are such that a reasonable officer should have known that the statute was unconstitutional.'" 291 Kan. at 500 (quoting *Krull*, 480 U.S. at 355)."Whether the good-faith exception applies is a question of law over which an appellate court has unlimited review." *State v. Schmidt*, 53 Kan. App. 2d 225, 234, 385 P.3d 936 (2016).

Our court has repeatedly held the good-faith exception to the exclusionary rule precludes the suppression of alcohol tests obtained by police in reliance on the Kansas implied consent law prior to the decision in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017). See, e.g., *Perkins*, 55 Kan. App. 2d at 381-83 (breath test); *Schmidt*, 53 Kan. App. 2d at 236-37 (blood test); *State v. Kraemer*, 52 Kan. App. 2d 686, 698-99, 371 P.3d 954 (2016) (breath test).

In *Ryce*, our Supreme Court held that K.S.A. 2014 Supp. 8-1025, which imposes criminal penalties on a motorist for refusing to submit to any method of alcohol testing, is facially unconstitutional because the State may not criminally punish an individual for withdrawing his or her implied consent and the statute is not narrowly tailored to serve a compelling State interest. 303 Kan. at 963. In *Nece*, the court held that a driver's consent to a breath test is unduly coerced when the driver is informed that he is subject to criminal penalties for refusing a breath test because the State could not have constitutionally imposed such penalties. 303 Kan. at 889.

6

In *Kraemer*, our court held the good-faith exception applied to preclude exclusion of the defendant's breath test results because K.S.A. 2015 Supp. 8-1025 was struck down as unconstitutional only *after* the driver's arrest. 52 Kan. App. 2d at 698. Moreover, the *Kraemer* court noted that similar statutes to the Kansas implied consent law enacted in other states had been deemed constitutional by those states, thereby supporting the conclusion that the officer's reliance on the statute was objectively reasonable. See 52 Kan. App. 2d at 698.

Similar to *Kraemer*, our court in *Schmidt* held the good-faith exception to the exclusionary rule applied to blood test results obtained after an officer advised the defendant that he could be charged with a separate crime for refusing to submit to a blood test. 53 Kan. App. 2d at 237. Our court held the testing officer had no reason to know the implied consent advisories would be found impermissibly coercive years after the defendant's arrest. 53 Kan. App. 2d at 236. Our court noted that at the time of the defendant's arrest, "Kansas courts had consistently upheld the constitutionality of warrantless blood draws undertaken pursuant to K.S.A. 8-1001." 53 Kan. App. 2d at 235. Furthermore, in *Schmidt* our court determined that the Kansas Legislature did not wholly abandon its responsibility to pass constitutional laws when it enacted K.S.A. 2012 Supp. 8-1001(k)(4) or K.S.A. 2012 Supp. 8-1025. 53 Kan. App. 2d at 236. The court reasoned that other states had similar statutes and continued to uphold them prior to the United States Supreme Court's decision in *Birchfield*. *Schmidt*, 53 Kan. App. 2d at 236.

*Perkins*, *Schmidt*, and *Kraemer* are dispositive. Sergeant Linzer acted in objectively reasonable reliance upon K.S.A. 2012 Supp. 8-1025 and the implied consent advisories mandated by K.S.A. 2012 Supp. 8-1001(k)(4) to obtain Comeau's breath test results. At the time of Comeau's arrest, Sergeant Linzer was required to advise Comeau that he could face criminal penalties if he refused to consent to alcohol testing. A reasonable officer had no reason to know that the implied consent advisories would be found unconstitutionally coercive years after Comeau's arrest when the Supreme Court of

7

Kansas had consistently upheld the constitutionality of warrantless alcohol tests. See, e.g., *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 635, 176 P.3d 938 (2008), *overruled on other grounds by City of Atwood v. Pianalto*, 301 Kan. 1008, 350 P.3d 1048 (2015); *Furthmyer v. Kansas Dept. of Revenue*, 256 Kan. 825, 835, 888 P.2d 832 (1995); *State v. Garner*, 227 Kan. 566, 571, 608 P.2d 1321 (1980).

Additionally, we do not find the Legislature wholly abandoned its responsibility to enact constitutional laws when our Supreme Court previously held "compulsory testing for alcohol or drugs through drivers' implied, even coerced, consent does not violate the Constitution." *Martin*, 285 Kan. at 635. Moreover, similar statutes were passed in other states and were deemed constitutional in those states. See *Ryce*, 303 Kan. at 928-29 (citing cases where courts have upheld nonconsensual searches under an implied consent statute).

In conclusion, the good-faith exception to the exclusionary rule applies in this case. Nothing in the record suggests that at the time of Comeau's arrest a reasonable officer should have known that the criminal penalty statute was unconstitutional or that the Kansas implied consent advisories were coercive, nor is there any indication that the Legislature wholly abandoned its duty to enact constitutional laws in passing either statute. Thus, Sergeant Linzer acted in objectively reasonable reliance on K.S.A. 2012 Supp. 8-1001(k)(4) and K.S.A. 2012 Supp. 8-1025 when advising Comeau that he could be charged with a separate criminal offence for refusing to conduct a breath test. Suppressing Comeau's breath test results would not serve the purpose of the exclusionary rule—to deter police misconduct—because Sergeant Linzer acted in good faith in following the statutes in effect at the time of Comeau's arrest.

The district court did not err in its denial of Comeau's motion to suppress. The conviction is affirmed. See *State v. Overman*, 301 Kan.704, 712, 348 P.3d 516 (2015) (If

8

a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision.).

Affirmed.

* * *

GARDNER, J., concurring:  I agree with the decision, but I would also affirm based on the State's argument that Comeau's breath test was lawfully obtained under the search-incident-to-arrest exception to the warrant requirement. See *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185, 195 L. Ed. 2d 560 (2016); *State v. Perkins*, 55 Kan. App. 2d 372, Syl. ¶ 5, 415 P.3d 460 (2018). Because those cases reaffirm that the search-incident-to-arrest exception is a categorical exception to the warrant requirement, an officer may lawfully administer a breath test as a search incident to a lawful arrest for drunk driving. The officer did so here and the facts fall squarely within that categorical exception, so no Fourth Amendment violation occurred even without the good-faith exception.