NOT DESIGNATED FOR PUBLICATION

No. 118,455

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MORRIS WAYNE JOHNSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS ST. PETER, judge. Opinion filed August 3, 2018. Affirmed.

*Kevin J. Zolotor*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Ian T. Otte*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Morris Wayne Johnson appeals the denial of his motion to suppress the breath test results in his DUI prosecution. The district court found his consent to the breath test involuntary in accordance with *State v. Nece*, 303 Kan. 888, 889, 897, 367 P.3d 1260 (2016) (*Nece I*), *aff'd on reh'g* 306 Kan. 679, 396 P.3d 709 (2017) (*Nece II*). But the court found the breath test result admissible under the good-faith exception to the exclusionary rule. We affirm, following this court's decision in *State v. Perkins*, 55 Kan. App. 2d 372, 415 P.3d 460 (2018).

1

*Johnson was involved in a motor vehicle accident and charged with DUI.*

Johnson was involved in a single motor vehicle accident in January 2016 when he failed to negotiate a curve. His vehicle went off the road, he overcorrected, and the vehicle rolled over and landed on its side. Emergency medical staff at the scene told the trooper that Johnson had a strong odor of alcohol on his person. Johnson also gave them an incorrect date of birth. When the trooper approached Johnson, he immediately smelled a very strong odor of alcohol coming from Johnson.

Trooper Robert LeVelle read *Miranda* warnings to Johnson and requested that he perform standard field sobriety tests. Johnson left out one letter in the alphabet test. During the finger-to-thumb test, Johnson did not touch any of his fingertips and counted incorrectly.

The trooper noted that Johnson:
- repeated questions or comments;
- provided incorrect information or changed his answers;
- fumbled when producing his driving license;
- had slurred speech;
- was slow to respond to the officer;
- had bloodshot and glazed eyes;
- exhibited poor balance or coordination; and
- admitted he had consumed four beers.

Trooper LeVelle provided a copy of the DC-70 implied consent advisory form to Johnson and read it aloud to him. The form included notice that refusal of a breath, blood, or urine test was not a constitutional right and he may be charged with a separate crime of

refusal. Johnson agreed to take a breath test. Johnson's blood-alcohol content was .163. Johnson was previously convicted of DUI in 2010.

The State charged Johnson with driving under the influence of alcohol. Johnson filed a motion to suppress the breath test result, arguing that his consent was involuntary because the trooper misstated the law when he told Johnson that refusal of the breath test was not a constitutional right. The court held an evidentiary hearing on the motion. At the hearing, Johnson argued his consent was involuntary because he was advised he could be charged with a separate crime for refusal. The court took the matter under advisement and ordered the parties to brief whether the good-faith exception applied. The court subsequently ruled that the breath test was not voluntary, but that the good-faith exception applied.

The case proceeded to a bench trial on stipulated facts. The court found Johnson guilty of misdemeanor DUI—his second offense. The court sentenced him to one year in jail and granted probation after Johnson served five days.

*After this accident, important Supreme Court rulings are handed down.*

About a month after Johnson's accident, the Kansas Supreme Court struck down portions of the Kansas implied consent law. The court determined that a defendant's breath-alcohol test resulted from involuntary consent because under the implied consent law, the defendant was informed that he or she might be charged with a separate crime for refusing to submit to a breath-alcohol test and, in light of *State v. Ryce*, 303 Kan. 899, Syl. ¶¶ 9, 12, 368 P.3d 342 (2016) (*Ryce I*), *aff'd on reh'g* 306 Kan. 682, 396 P.3d 711 (2017) (*Ryce II*), the State could not have constitutionally imposed criminal penalties if the defendant refused the test. *Nece I*, 303 Kan. at 889, 897.

Shortly thereafter, the United States Supreme Court heard a similar case and held that drivers cannot be deemed to have consented to a blood-alcohol content test on the threat of a charge of a criminal offense for refusal. But the Court held that warrantless breath tests are permitted under another exception to the warrant requirement—as a search incident to arrest. *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 2185-86, 195 L. Ed. 2d 560 (2016).

After *Birchfield*, the Kansas Supreme Court reheard and reaffirmed *Ryce I* and *Nece I*. The court modified *Ryce I* "to reflect the validity of conducting a *breath* test in a DUI case where an arrest is made under the warrant exception of a search incident to lawful arrest." *Ryce II*, 306 Kan. at 693. In *Nece II*, the court reaffirmed that the defendant's consent to the warrantless breath test was involuntary. The court did not further analyze whether the search was a lawful search incident to an arrest. 306 Kan. at 680-81.

*Johnson's breath test was a valid search incident to arrest.*

The State argues for the first time on appeal that the breath test was a valid search-incident to arrest. The State argues that this issue may be raised for the first time on appeal because it is purely a question of law based on stipulated facts, and the district court was right for the wrong reason. The State cites this court's decision in *Perkins*, 55 Kan. App. 2d at 382-83.

Ordinarily, issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). But there are several exceptions, including that the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

4

In *Perkins*, we considered the same issue for the first time on appeal on the parties' supplemental briefs because it was a question of law on stipulated facts and was finally determinative of the case. 55 Kan. App. 2d at 378. Here, the State briefed the applicability of the search incident to arrest exception and Johnson submitted a reply brief on the issue. The case was submitted on stipulated facts. Therefore, we will consider the issue for the first time on appeal.

This case presents the same controlling facts as *Perkins*. Though the parties here did not stipulate to the time at which Johnson was arrested, the factual statement in Johnson's appellate brief indicates he was under arrest prior to being given a breath test. Thus, the arrest is not a disputed fact. We find the reasoning and result in *Perkins* persuasive. The breathalyzer test was a constitutionally proper warrantless search incident to arrest and, alternatively, the arresting officer relied in good faith on K.S.A. 2015 Supp. 8-1025 before it was declared unconstitutional, to inform Johnson about the legal consequences of declining to take the breath test. And because the officer acted in an objectively reasonable reliance on K.S.A. 2015 Supp. 8-1025, which was later determined to be unconstitutional, the good-faith exception applies and the results were admissible.

Affirmed.