NOT DESIGNATED FOR PUBLICATION

No. 118,013

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BROCK JORDAN WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wallace District Court; SCOTT SHOWALTER, judge. Opinion filed December 7, 2018. Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., PIERRON and BUSER, JJ.

BUSER, J.:  This is an appeal of the district court's denial of Brock Jordan Williams' motion to suppress an evidentiary breath test for alcohol consumption. Williams contends that he did not voluntarily consent to the breath test which resulted in a violation of the Fourth Amendment to the United States Constitution. As a result, he was convicted of driving under the influence of alcohol (DUI). Upon our review, we affirm the district court's denial of the motion to suppress but on different grounds because, as argued by the State, the breath test was lawfully administered incident to

1

Williams' arrest. Given this holding, whether or not Williams voluntarily consented to the breath test is not dispositive of the propriety of the search and seizure.

FACTUAL AND PROCEDURAL BACKGROUND

In the district court and on appeal, the parties stipulated to the following facts. On August 28, 2016, Deputy Corey David received a call from the dispatcher regarding a driver in a parked car who appeared to be asleep, unconscious, or passed out with all the doors locked. Upon his arrival at the scene, Deputy David observed that the vehicle was parked on the highway with the engine running and lights on but in the wrong lane of travel. David recognized the driver as Williams.

Deputy David attempted to awaken Williams by yelling his name and tapping on the vehicle's windows and doors, but he was unsuccessful until he activated his patrol vehicle's siren. Williams awoke confused and had difficulty unlocking the door to exit the vehicle. Deputy David smelled an odor of alcohol when Williams opened the door and noticed a drinking glass on the floorboard. Williams said that he was driving home from a party where he had consumed beer, but he could not remember his address. Deputy David decided that Williams was unable to walk on his own or perform field sobriety tests. He arrested Williams for DUI. According to the parties' stipulation, Deputy David had probable cause to arrest Williams for DUI.

Deputy David transported Williams to the Sherman County jail where he provided Williams with oral and written implied consent advisories based on a revised DC-70 form. Williams then submitted to an Intoxilyzer 9000 breath test which indicated a blood-alcohol level above the legal limit.

Prior to trial, Williams filed a motion to suppress the breath test results, arguing that the implied consent advisories were coercive and violated his rights under the Fourth

2

Amendment. The district court denied the motion, concluding that Deputy David had probable cause to arrest Williams and the advisories provided to him were not so deficient that they warranted suppression of the results. The district court found Williams guilty of DUI. He filed a timely notice of appeal.

ANALYSIS

On appeal, Williams contends the district court erred in failing to suppress the breath test evidence because: (1) the State did not prove voluntary consent because it is legally impossible to do so under a coercive statutory scheme; (2) the Kansas implied consent laws are facially unconstitutional as they are currently constructed; and (3) Deputy David failed to give the implied consent advisories in the exact manner prescribed by statute.

For its part, the State counters Williams' arguments but at the outset contends that given the United States Supreme Court's opinion in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), and our opinion in *State v. Perkins*, 55 Kan. App. 2d 372, 379, 415 P.3d 460 (2018), the breath test was admissible under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement regardless of whether Williams' consent to the breath test was constitutionally valid.

We begin the analysis with a brief summary of our standard of review. "When reviewing a motion to suppress evidence, the factual underpinnings of the district court's decision are reviewed for substantial competent evidence and the ultimate legal conclusion is reviewed de novo." *State v. Cleverly*, 305 Kan. 598, 604, 385 P.3d 512 (2016). But, when the material facts are not in dispute, a motion to suppress issue is a question of law subject to de novo review. 305 Kan. at 604. Because this case involves stipulated facts, the issues will be reviewed de novo.

3

Next, we address a procedural matter. On appeal, the State points out that it raised the search-incident-to-arrest exception in the district court as a justification for the alcohol breath test in this case. In its ruling denying suppression, the district court noted the *Birchfield* case although it did not rely upon the search-incident-to-arrest exception in its ruling. Even if this matter had not been raised below, however, on appeal the State presents a question of law on stipulated facts which is finally determinative of the case. As a result, we could also consider the applicability of this exception had it been raised for the first time on appeal. See *Cleverly*, 305 Kan. at 604; *Perkins*, 55 Kan. App. 2d at 378. Finally, we note that although the State briefed the search-incident-to-arrest exception in its appellee's brief, Williams did not avail himself of the opportunity to file a reply brief responding to the State's argument. See Supreme Court Rule 6.05 (2018 Kan. St. Ct. R. 36).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches. Blood and breath tests administered by the police constitute searches which must conform to the Fourth Amendment. See *Birchfield*, 136 S. Ct. at 2173; *State v. Ryce*, 306 Kan. 682, 684, 396 P.3d 711 (2017). Any warrantless search is intrinsically unreasonable unless it falls within one of the exceptions to the search warrant requirement recognized in Kansas. One exception relevant to this case is the search-incident-to-arrest exception. See *State v. Neighbors*, 299 Kan. 234, 239, 328 P.3d 1081 (2014).

Generally, the search-incident-to-arrest exception permits police officers to conduct a warrantless search of the arrested person and the area within the control of that person. *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969). In *Birchfield*, the United States Supreme Court concluded that warrantless breath tests, under the Fourth Amendment, were permitted incident to an arrest for drunk driving. Because warrantless blood tests for alcohol are significantly more intrusive than breath

4

tests, however, the United States Supreme Court concluded that warrantless blood tests were unreasonable. 136 S. Ct. at 2184-85.

Our Supreme Court in *Ryce* took note of *Birchfield* and acknowledged that the search-incident-to-arrest exception is "a categorical exception to the warrant requirement permitting an officer to demand a breath test from a person arrested for a DUI violation." *Ryce*, 306 Kan. at 690-91. As a result, "'a breath test, but not a blood test, may be administered as a search incident to lawful arrest for drunk driving.'" 306 Kan. at 693. In other words, our Supreme Court recognized the "validity of conducting a *breath* test in a DUI case where an arrest is made under the warrant exception of a search incident to lawful arrest." 306 Kan. at 693.

Our court has also weighed in on this issue in *Perkins*. In that case, Perkins was stopped by a police officer for a traffic violation. After exhibiting classic indicators of intoxication, and admitting to drinking beer, Perkins failed field sobriety tests and was arrested for DUI. Upon being transported to the law enforcement center, Perkins was orally advised and provided written notices mandated by the Kansas implied-consent law.

Perkins submitted to an evidentiary breath test which revealed a significant level of intoxication. He was charged with DUI. Subsequently, Perkins sought suppression of the incriminating breath test results, contending—as in Williams' case on appeal—that his consent was coerced and involuntary and that the test was in violation of the Fourth Amendment. The motion to suppress was denied, and Perkins was found guilty of DUI on stipulated facts. Perkins appealed to our court.

In upholding the district court's denial of Parker's motion to suppress, our court observed that Perkins submitted to the breath test at the police facility after his DUI arrest. We additionally observed:

5

"It does not matter that Perkins' consent for the breath test was coerced. For the results to be admissible, the State need only prove the applicability of *one* of the exceptions to the search warrant requirement. See *Los Angeles v. Patel*, 576 U.S. __, 135 S. Ct. 2443, 2451, 192 L. Ed. 2d 435 (2015)." 55 Kan. App. 2d at 380.

Based on the holdings in *Birchfield* and *Ryce*, our court in *Perkins* held that the officer lawfully conducted the breath test under the constitutional exception for searches incident to arrest. As a result, the incriminating breath test reading was admissible as evidence that Perkins was guilty of DUI. 55 Kan. App. 2d at 380-81.

From *Perkins*, our court has established this rule of law:

"The search-incident-to-arrest exception to the search warrant requirement is a categorical exception to the warrant requirement and permits an officer to demand a breath test from a person arrested for a driving under the influence violation. Thus, a breath test—but not a blood test because it is more intrusive—may be administered as a search incident to lawful arrest for drunk driving." 55 Kan. App. 2d 372, Syl. ¶ 5.

Returning to the Williams case on appeal, under the stipulated facts of this case, Deputy David had probable cause to arrest Williams for DUI. Given this lawful arrest, it was constitutionally justified for the deputy to request that Williams submit to a breath test incident to that arrest to obtain evidence of alcohol consumption. We are persuaded that the district court's ruling denying Williams' motion to suppress was not error although we uphold the ruling on a different basis than the one provided by the court. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015). Because of our holding, we decline to address the claims of error relating to the consent exception to the Fourth Amendment's warrant requirement raised by Williams on appeal.

Affirmed.